CITY OF CINCINNATI, APPELLEE, *v.* KING, APPELLANT.*

(No. 8510—Decided December 8, 1958.)

*Mr. James W. Farrell,* city solicitor, and *Mr. Lyle W. Castle,* for appellee.

*Messrs. Rogoff & Wood* and *Mr. Harry H. McIlwain,* for appellant.

LONG, J. This is an appeal on questions of law from a judgment of affirmance of the Court of Common Pleas of a judgment of the Municipal Court of Cincinnati, Ohio. The defendant, appellant herein, was convicted of the violation of an ordinance, Section 901—13, of the city of Cincinnati. The evidence discloses and there is no dispute that defendant had in his possession at the time of his arrest, five pamphlets, entitled: "Continental," "Gallery and Cabaret," and three copies of "Exotique." The ordinance in question provides as follows:

"Whoever shall print, engrave, sell, offer for sale, give away, exhibit or publish, or exhibit as for sale or other purpose,

---

*Motion to certify the record overruled, March 25, 1959. Appeal dismissed, 169 Ohio St., 107.

or have in his possession or under his control, any obscene, lewd, lascivious, indecent, or immodest book, pamphlet, paper, picture, image, cast, statuary, drawing or representation, or any other article of an indecent or immoral nature, or book, paper, print, circular or writing made up principally of pictures or stories of immodest deeds, lust or crime, or shall exhibit upon the public street or highway, any of the articles or papers, prints, publications, as aforesaid, within the view of passersby upon said street or highway, shall be fined not more than one hundred ($100) dollars, or imprisoned not more than sixty (60) days, or both.''

The pamphlets were introduced in evidence as exhibits and disclose females in the nude and in various poses and stages of undress. There is no contention that the pictures pretend any artistic or scientific merit. Accompanying the pictures are grotesque accounts òf sex activities; on page 3 of ''Continental'' there is an account of the influence that hypnosis has on the improvement of the sex relations of a husband and wife; there also follow instructions as to the manner in which women can protect themselves from sex attacks; and on page 18 of the same pamphlet there is an account of the rape of an expectant mother in Brooklyn, N. Y., and so on, ad infinitum.

Of all the errors complained of by the appellant, the only ones which merit our consideration, are the admission at the trial of the evidence of Professor Clair Hubert of the Psychology Department of the University of Cincinnati and the testimony, also objected to, of Gordon J. Wedig of the Cincinnati Police Department, which witness has had extensive experience in the work of the Youth Aid Bureau. Both witnesses testified as experts. Dr. Hubert testified generally that the pamphlets in question could have the effect, on the average mature mind, of arousing interest in socially unapproved sexual acts. Wedig's testimony had to do with the influence which such material would have on juveniles and sex deviates. A great many cases have been cited for our consideration. The leading cases in this field acknowledge the applicable rule, but admit the difficulty of its application in every case. The cases referred to are *Roth* v.

*United States,* 354 U. S., 476, 1 L. Ed. (2d), 1498, 77 S. Ct., 1304, decided by the Supreme Court of the United States on June 24, 1957, and *Volanski* v. *United States,* 246 F. (2d), 842, decided by our own Sixth Circuit Court of Appeals, June 7, 1957.

In all the cases we have examined, as in the case at bar, the claim is made that under the First and Fourteenth Amendments of the federal Constitution, ordinances of the type in question, and similar legislative enactments infringe the rights of the citizen to enjoy freedom of speech. However, these sections of the Constitution were never intended to protect every utterance. No one would claim that any person has the right to stand up in a crowded theatre and yell "fire" when there is no fire. Nor is obscenity within the area of constitutionally protected speech or press.

In the *Roth case,* the court held that obscenity consists of material which deals with sex in a manner appealing to prurient interest. It also defines the test of obscenity to be an inquiry as to whether, to the average person, applying contemporary community standards, the dominant theme of the material, when taken as a whole, appeals to prurient interest. The *Roth case* also holds that the claim of an indefiniteness in obscenity legislation is without merit, for the reason that, applying the proper standards for judging obscenity, adequate warning of the conduct prescribed marks the boundary sufficiently to enable judges and juries to administer the law. Mr. Justice Brennan in his opinion further points out that the federal government has no substantive power over sex or morality; it is the state which bears the responsibility for the "protection of the local moral fabric."

Similarly, the *Volanski case* holds that obscenity is not to be measured by the reactions of any particular class or group of the population, but by the standard of the community as a whole. It is true that in the *Volanski case* it was held to be error to permit an expert to express an opinion as to the effect the pictures would have upon sex deviates, but in the *Volanski case* there was no evidence as to the effect the pictures would have on the average mature mind in the community. Judge Stewart comments

on the opinion of the trial court, which he says indicates that it was solely this evidence, as to the effect on sex deviates, that caused the defendant's conviction. That is the distinction between the *Volanski case* and the case at bar. In this case, we have substantial evidence as to the effect which the exhibits in question would have on a person "of average mind." It is true that there is evidence in the case of the effect such pictures and writings might have on the young as well as upon sex deviates, but the record is replete with evidence of the lascivious effect which the pamphlets would have on all those persons they are likely to reach.

We hold, therefore, that, inasmuch as there is sufficient evidence to warrant a conviction on the character of the exhibits, as they affect the average normal and mature mind, the testimony as to their effect on others in the community is merely cumulative. The exhibits, based upon the record, are obscene within the legal definition thereof, and the conviction is sustained.

The judgment of the Court of Common Pleas, affirming the judgment of the Municipal Court of Cincinnati, is, therefore, affirmed.

*Judgment affirmed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.